PICKUS CONSTRUCTION & EQUIPMENT COMPANY, INC., Plaintiff-Appellee and Cross-Appellant, v. BANK OF WAUKEGAN, Defendant (Intercounty Title Company of Illinois, Defendant-Appellant and Cross-Appellee).

Second District No. 2—86—1028

Opinion filed July 17, 1987.

Earl J. Wasneski and Richard J. Biondi, both of Wasneski, Biondi & Waldeck, of Waukegan, for appellants.

James J. Babowice, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Intercounty Title Company of Illinois (Intercounty), appeals from a judgment of the circuit court of Lake County enjoining it from drawing upon a letter of credit issued on behalf of plaintiff, Pickus Construction & Equipment Co., Inc. (Pickus). Pickus cross-appeals from that part of the judgment denying its request for attorney fees.

Pickus filed a complaint for injunctive relief against Intercounty and the Bank of Waukegan. Intercounty filed an answer; the Bank of Waukegan did not file an answer and is not a party in this appeal. The cause proceeded to trial on the parties' stipulation to the facts alleged in the complaint. It is alleged therein that on January 7, 1986, Able Drywall and Decorating, Inc. (Able), a subcontractor of Pickus on a project on property owned by Vine/Greenbay Partnership, Ltd. (Vine/Greenbay), filed a mechanic's lien against the property. On February 10, 1986, an agent of Vine/Greenbay sent Able a demand letter to commence suit pursuant to section 34 of "An Act relating to contractors' and material men's liens, known as mechanics' liens" (the Mechanics' Liens Act) (Ill. Rev. Stat. 1985, ch. 82, par. 34). The complaint states that on February 10, 1986, Pickus and Intercounty entered into a title indemnity-escrow agreement whereby a letter of credit would be provided by Pickus to Intercounty to insure the payment, discharge, satisfaction, or removal of the mechanic's lien on or before February 10, 1987. A letter of credit was issued by the Bank of Waukegan for up to $13,757.10.

It is further alleged that Able failed to file suit to enforce the lien within 30 days of receipt of the notice of the demand letter, that the lien was thereby forfeited, and that Intercounty, notwithstanding this, has made a demand on the Bank of Waukegan to draw upon the letter of credit. Pickus sought injunctive relief to prevent Intercounty from drawing upon the letter of credit and for return of the letter of credit.

On October 29, 1986, the trial court entered a permanent injunction against Intercounty ordering that Intercounty take no action on the letter of credit and that Intercounty return the letter of credit. The court found that Pickus' obligations underlying the letter of credit shall cease. Specifically, the judgment recited that Pickus had complied with the requirements of section 34 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 34), and, as a result of Able's failure to file suit, the court did not have jurisdiction over the subject matter of the mechanic's lien because the lien was forfeited pursuant to statute.

Although no transcript of the October 29, 1986, proceedings has been provided us on appeal, Pickus represents, and Intercounty apparently does not dispute, that Pickus made an oral motion on October 29, 1986, for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2--611). The judgment granting the permanent injunction contains a finding that Pickus' "request for fees is denied."

Intercounty contends in its appeal that even though Able failed to commence a lawsuit within 30 days of the receipt of the demand letter to enforce its lien, thereby forfeiting the lien pursuant to section 34 of the Mechanics' Liens Act, the lien was not released and remained a cloud on the title until Pickus took action in accordance with section 35 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 35). Intercounty maintains that section 35 provides a statutory remedy for release of a mechanic's lien that would clear title, analogous to the satisfaction of judgment procedure provided in section 12—183 of the Code of Civil Procedure (Ill. Rev.. Stat. 1985, ch. 110, par. 12—183); and, as Pickus did not avail itself of the procedure provided in section 35, it has failed "to pay, discharge, satisfy or remove" Able's mechanic's lien as set forth in the title indemnity-escrow agreement, and the trial court improperly enjoined Intercounty from proceeding on the letter of credit.

Section 34 of the Mechanics' Liens Act provides:

"Upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answered filed within 30 days thereafter, or the lien shall be forfeited. Such service may be by registered or certified mail, return receipt requested, or by personal service." (Ill. Rev. Stat. 1985, ch. 82, par. 34.)

It has been stated that the notice provision in section 34 is jurisdictional, and section 34 is in the nature of a statute of limitations and was intended to force the issue on the validity of claims filed. *M. L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677, 678, 393 N.E.2d 663; see also *Keith Young & Sons Construction Co. v. Victor Citizens Housing, Inc.* (Iowa 1978), 262 N.W.2d 554; *Woodruff & Son v. Rhoton* (1960), 251 Iowa 550, 101 N.W.2d 720.

Intercounty does not deny that a failure to file suit on the mechanic's lien after 30 days upon service of a demand letter pursuant to section 34 forfeits the subcontractor's lien rights. It argues, however, that this failure to file suit does not remove the cloud on the property owner's title and that the property owner has only a defense to a lawsuit filed on the mechanic's lien. Intercounty asserts that the cloud on the title remains until the mechanic's lien claim is adjudicated or the property owner avails himself of the remedy supplied in section 35. It contends that Pickus or the property owner should have filed suit under section 35 to obtain a release of the lien

that would clear the title.

Section 35 of the Mechanics' Liens Act provides:

"Whenever a claim for lien has been filed with the recorder or the Registrar of Titles, either by the contractor or sub-contractor, and is paid before October 1, 1973, with cost of filing same, or where there is a failure to institute suit to enforce the same after demand, as provided in the preceding section, within the time by this Act limited, the person filing the same or some one by him duly authorized in writing so to do, shall acknowledge satisfaction or release thereof, in writing, on written demand of the owner, and on neglect to do so for 10 days after such written demand he shall be liable to the owner for the sum of $25, which may be recovered in a civil action.

Such satisfaction or release may be filed with the recorder or Registrar of Titles in whose office the claim for lien had been filed and when so filed shall forever thereafter discharge and release the claim for lien and shall bar all actions brought or to be brought thereupon.

Whenever a claim for lien has been filed with the recorder or the Registrar of Titles, either by the contractor or sub-contractor, and is paid after October 1, 1973 with cost of filing such claim for lien, the person filing the claim or someone by him duly authorized in writing so to do shall, upon receipt of the satisfaction of such claim deliver a release of lien in writing to the owner within 30 days after receipt of payment or shall be liable to the owner for the sum of $100 which may be recovered in a civil action. The release of lien shall have the following imprinted thereon in bold letters at least 1/4 inch in height: 'FOR THE PROTECTION OF THE OWNER, THIS RELEASE SHOULD BE FILED WITH THE RECORDER OR THE REGISTRAR OF TITLES IN WHOSE OFFICE THE CLAIM FOR LIEN WAS FILED.' The Recorder or the Registrar of Titles in whose office the claim for lien had been filed, upon receipt of a release and the payment of the recording or registration fee, shall record or register the release." (Ill. Rev. Stat. 1985, ch. 82, par. 35.)

No Illinois cases have been cited or found that interpret this provision as it relates to the issue before us.

Basic to our resolution of this issue, however, is what Pickus was obligated to do under the title indemnity-escrow agreement entered into between the parties. The agreement provides, *inter alia*, that Intercounty will issue a title insurance policy either without mention

of Able's mechanic's lien claim or insuring against loss by reason thereof and provides that Pickus "pay, discharge, satisfy or remove" Able's mechanic's lien claim. The letter of credit was deposited with Intercounty to indemnify Intercounty should Pickus not perform under the terms of the agreement.

■ Pickus' utilization of the demand letter pursuant to section 34 and Able's failure to commence suit within 30 days of its receipt operated as a forfeiture of its lien pursuant to the express provisions of section 34. Forfeiture is defined in Black's Law Dictionary as "[a] deprivation or destruction of a right in consequence of the nonperformance of some obligation or condition." (Black's Law Dictionary 584-85 (5th ed. 1979).) Accordingly, this forfeiture operates to effectively "remove" Able's mechanic's lien and complies with that part of the agreement requiring Pickus to "pay, discharge, satisfy or *remove*" the lien. (Emphasis added.)

■ While section 35 may statutorily provide an owner of property a method for satisfaction or release of a mechanic's lien filed with the recorder or Registrar of Titles so as to remove any cloud on the title caused by the filing of a mechanic's lien, the agreement between Intercounty and Pickus, which is not the owner of the property here, did not require that this procedure be performed by Pickus or at its direction, or that the title be clear of any cloud which may be caused by the filing of the lien. The agreement provided only that Pickus "pay, discharge, satisfy or remove" the lien. This was effectively done by the institution of the procedure under section 34. Nothing more was required under the agreement. While the agreement further provides that the lien be paid, discharged, satisfied or removed to the satisfaction of Intercounty, we do not read this as requiring Pickus to institute a proceeding under section 35, nor does Intercounty dispute that Able did not commence suit within 30 days after receipt of the demand letter thereby forfeiting its lien.

■ If any ambiguity in the contractual language exists, it is generally construed against the drafter. (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 493, 505 N.E.2d 314.) Here, for the reasons stated, we find that Pickus complied with the terms of the agreement by removing Able's mechanic's lien and that the trial court correctly enjoined Intercounty from drawing upon the letter of credit.

In its cross-appeal, Pickus contends that attorney fees should have been awarded to it pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) because In-

tercounty falsely denied in one paragraph in its answer that there was no forfeiture of the lien by Able, whereas in another paragraph it admits the forfeiture.

■ Initially, we note that the record provided us does not contain a written motion for attorney fees, nor has Pickus submitted a transcript of the proceedings to show an oral motion for fees which would indicate the specific allegations of untrue statements which are not referred to in Pickus' appellate brief. The only reference to this issue in the record is the trial court's finding in the order of injunction which states that Pickus' "request for fees is denied."

Pickus, as appellant in the cross-appeal, has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) Any doubts arising from the incompleteness of the record will be resolved against the appellant. (99 Ill. 2d 389, 392, 459 N.E.2d 958.) As there is no record of the specific contentions of untrue statements made below, there is no basis for holding that the trial court abused its discretion in denying the request for attorney fees.

■ Nevertheless, from our examination of the part of Intercounty's answer which Pickus claims is an untrue statement, we find Pickus' contention is without merit. It is clear from the pleadings, the stipulation to the facts alleged in the complaint, and the appellate arguments that Intercounty was admitting the forfeiture of the lien, but contesting whether the legal effect of the forfeiture still left a cloud on the title which was required to be removed by Pickus pursuant to section 35. Section 2—611 is strictly construed; each of its requirements must be proved, and the party seeking the remedy has the burden of proof. (*Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 193, 500 N.E.2d 589.) As the award of attorney fees under section 2—611 is discretionary (*Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 916, 469 N.E.2d 708), we find no abuse of discretion in the denial of fees under these circumstances.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.