First Division

May 18, 1998

No. 1-96-3334

LESZEK KRZYMINSKI 
and ) Appeal from the 

MARIE KRZYMINSKI, ) Circuit Court

 ) of Cook County.

Plaintiffs-Appellees, )

 ) 

v. )

 ) 

JOE DZIADKOWIEC d/b/a Joe Dee )

Construction Company, ) Honorable

 ) THOMAS J. WYNN,

Defendant-Appellant. ) Judge Presiding.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the 

court:

This appeal arises from an order of the trial court granting plaintiff-homeowners' motion for summary judgment.  On appeal, the following issue is raised:  whether an owner's demand pursuant to section 34 of the Illinois Mechanics Lien Act (the Act) (770 ILCS 60/34 (West 1996)) to a contractor to file suit to enforce the contractor's lien within 30 days is effective in causing the contractor's lien rights to be forfeited if the contractor fails to file a lawsuit as required in the demand, even if the contractor had not yet filed a lien with the county recorder's office.

The facts of the case are undisputed.  Plaintiffs, Leszek and Marie Krzyminski, are the owners of a residence located at 1007 Blacksmith Lane, Lemont, Illinois.  Defendant, Joe Dziadkowiec, is a general contractor.  On or about June 15, 1994, the parties entered into a contract for construction work on plaintiffs' property.  By December 1995, more than six months had passed since defendant had performed any work on plaintiffs' property.  Plaintiffs issued a demand pursuant to section 34 of the Act (770 ILCS 60/34 (West 1996)) for defendant to file a lawsuit to enforce his lien within 30 days.  Defendant failed to respond to plaintiffs' demand.  On March 19, 1996, plaintiffs issued a demand on defendant to issue a release of his claim for lien within 10 days pursuant to section 35 of the Act (770 ILCS 60/35 (West 1996)).  

Defendant refused to issue a release and plaintiffs filed this action on May 22, 1996, for the purpose of obtaining a court order clearing the cloud of title to their property from defendant's lien.  

Defendant never recorded a claim for lien with the county recorder's office prior to plaintiffs' demands. 

The instant dispute arises over the interpretation of sections 34 and 35 of the Act (770 ILCS 60/34, 35 (West 1996)). Defendant claims that this is a case of first impression in Illinois since no court has ever applied the Act to a situation where the contractor had not recorded his claim for lien prior to the demand that he institute a suit to enforce his lien.

Section 34 reads as follows:

"Upon written demand of the owner, *** served on the person claiming the lien, *** requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited."  770 ILCS 60/34 (West 1996).

Section 35 provides the following:

"Whenever a claim for lien has been filed with the recorder or the Registrar of Titles, either by the contractor or sub-contractor, *** or where there is a failure to institute suit to enforce the same after demand, as provided in the preceding section, within the time by this Act limited, the person filing the same *** shall acknowledge satisfaction or release thereof, in writing, on written demand of the owner, and on neglect to do so for 10 days after such written demand he shall be liable to the owner for the sum of $25, which may be recovered in a civil action."  770 ILCS 60/35 (West 1996).

"It has been stated that the notice provision in section 34 is jurisdictional, and section 34 is in the nature of a statute of limitations and was intended to force the issue on the validity of claims filed."  
Pickus
 Construction & Equipment Co. v. Bank of Waukegan
, 158 Ill. App. 3d 141, 144, 511 N.E.2d 228, 230 (1987).  Moreover, defendant insists that the provisions of section 35 must be read together.  Thus, the second part of the section ("where there is a failure to institute suit to enforce the same") is clearly referring to a claim for lien that has 
already
 been filed with the recorder, as specified in the first part of the section ("[w]henever a claim for lien has been filed with the recorder").  770 ILCS 60/35 (West 1996).

Accordingly, the purpose of sections 34 and 35 of the Act is to provide a method for property owners to force the issue on the validity of claims already filed and to clear a cloud on the owner's property created by the filing of a lien.  If a claim for lien has not been filed by the contractor, then there is no cloud upon the owner's title.

We also note that the Act gives a general contractor two years from the last day that the contractor completed any work on the job to file his claim for lien as against the property owner.  770 ILCS 60/7 (West 1996).  According to plaintiffs' theory, a property owner could use sections 34 and 35 of the Act to deny contractors their lien rights long before the time has expired in which a lien claim may be filed.  To permit a property owner to require a contractor to file his suit to enforce his lien rights prior to the contractor's recording of his claim for lien would be contrary to the intent of the Act.

For the foregoing reasons, we reverse the circuit court of Cook County's order granting summary judgment in favor of plaintiffs.

Reversed.

GALLAGHER, J., concurs.

Justice O'Brien, dissenting:

Section 34 clearly requires a "person claiming the lien" to institute proceedings to prove his claim in court within 30 days of demand or risk forfeiture of that lien.  770 ILCS 60/34 (West 1996).  Section 35 clearly mandates the release of a lien where "a claim for lien has been filed" 
or
 where "there is a failure to institute suit to enforce the same after demand."  770 ILCS 60/35 (West 1996).  There are no provisions of either section which mandate that an actual filing of a claim for lien is a prerequisite to a demand by an owner pursuant to Sections 34 and 35.

The majority's holding, which requires an actual filing of a claim for lien prior to any demand by the owner, permits a contractor to maintain an ability to claim a lien on a property for two years without being required to prove his claim within that time period.  Thus, an owner has no recourse other than waiting to see what the contractor will do 
vis-a-vis
 a potential claim and thus, the title of that property would remain clouded for that period of time.  Sections 34 and 35 of the Act clearly aim to avoid this situation by providing owners of property with a remedy to adjudicate a potential lien, avoid a cloud on the title of that property and dispose of that property if the owner desires.

The judgement of the circuit court should be affirmed.

Accordingly, I respectfully dissent.