FOURTH DIVISION

March 31, 2005

No. 1-04-2184

GATEWAY CONCRETE FORMING SYSTEMS, INC., )    Appeal from

) the Circuit Court

Plaintiff-Appellant, ) of Cook County.  

) 

v. ) 

)

DYNAPROP XVIII: STATE STREET LLC )

and MB FINANCIAL BANK, )

) Nos.03 CH 16657

Defendants-Appellees , )     04 CH 6324

)

(Matrix Construction Co.; Select Masonry and )

Concrete, Inc.; LaSalle Bank FSB; LaGrange Crane )

Service, Inc.; Forming Concepts, Inc.; Interstate Welding )

and Fabrication, Inc.; Potter Form & Tie Co.; and )

Unknown Owners and Non-record Claimants, )      Honorable

)  Cyril J. Watson,

Defendants). )  Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Gateway Concrete Forming Systems, Inc. (plaintiff) appeals from the order of the circuit court of Cook County dismissing its complaint to foreclose on a mechanic’s lien pursuant to section 2-619(a)(9).  735 ILCS 5/2-619(a)(9) (West 2002).  The trial court ruled that plaintiff forfeited its mechanic’s lien by failing to commence an action to foreclose on the lien within 30 days of receiving a written demand to sue from Dynaprop XVIII: State Street LLC (Dynaprop) and MB Financial Bank (MB Financial) (collectively defendants), pursuant to section 34 of the Mechanic’s Lien Act (Act).  770 ILCS 60/34 (West 2002).  On appeal, plaintiff argues that the trial court erred in dismissing its complaint as untimely because it filed the complaint within 30 days of receiving the most recently served copy of the section 34 notice.  We affirm.

BACKGROUND

In early 2003, general contractor Matrix Construction Company (Matrix) hired plaintiff as a subcontractor to provide $250,000 worth of concrete fixtures and labor on a construction project at 1900 South State Street in Chicago.  Dynaprop owned the property and MB Financial held a mortgage on the property.  By the time plaintiff completed its work on May 6, 2003, it had only received partial payment on the contract.  Plaintiff served a subcontractor’s notice and claim for lien on August 1, 2003, in the amount of $114,964.60 and perfected the lien by recording it with the Office of the Recorder of Deeds of Cook County on August 19, 2003, pursuant to section 24 of the Act.  770 ILCS 60/24 (West 2002).  

On March 10, 2004, defendants prepared a notice and demand for plaintiff to file suit to enforce its lien pursuant to section 34 of the Act.  770 ILCS 60/34.  The notice read in part: “demand is hereby made upon you, pursuant to 770 ILCS 60/34, to commence proceedings, within thirty (30) days of the date of the service of this notice and demand, to enforce your alleged claim for lien * * * .”  Defendants served three copies of this notice by certified mail on three different representatives of plaintiff’s company, each of whose names and addresses appeared on the face of the notice.  The first notice arrived at plaintiff’s office in Mequon, Wisconsin on March 12, 2004, according to the properly executed delivery receipt returned to defendants.  Next, defendants received an unsigned, date-stamped delivery receipt indicating that a second copy of the notice was served on plaintiff’s president and registered agent in Illinois, Frederick M. Fitte, on March 15, 2004.  Plaintiff’s attorney received a third copy of the notice on March 18, 2004. 

Plaintiff filed its complaint to enforce the mechanic’s lien on April 14, 2004.  Defendants filed a motion to dismiss under section 2-619(a)(9), arguing that the court had no jurisdiction to hear the complaint because plaintiff failed to file it within 30 days of March 12, 2004, the date on which plaintiff accepted the first properly-served notice
.  

In response, plaintiff argued that defendants violated section 34's implied good faith provision because defendants should have known that their poorly-worded notice would confuse and mislead plaintiff as to the actual filing deadline. 
 Plaintiff posited that a new 30-day filing period should have begun each time one of its representatives received a copy of the notice because the notice as written gave plaintiff 30 days from service of “this notice” to file a complaint. 

The parties appeared before the circuit court on July 6, 2004 to argue the motion to dismiss.  The court found that defendants properly served all three copies of the notice, that March 12 was the effective date of service to determine the filing deadline, and that plaintiff’s complaint was untimely.  The judge then entered an order dismissing the complaint.  Plaintiff timely filed a notice of appeal.

ANALYSIS

Plaintiff contends that the trial court erred in dismissing its complaint as untimely because defendants’ service of multiple notices violated section 34 and misled plaintiff to believe that a new 30-day filing period started upon service of each notice.  Defendants respond that they properly served all of the demand notices and the trial court properly dismissed the complaint because plaintiff failed to file it within the statutory 30-day filing period.  We review a motion to dismiss
 de novo 
and construe all well-pleaded facts and reasonable inferences drawn therefrom in favor of the non-moving party.  
Doe ex rel. Ortega-Piron v. Chicago Board of Education
, 213 Ill. 2d 19, 24, 28, 820 N.E.2d 418, 421, 423 (2004). 

The purpose of the Act is to permit a lien upon premises where a property owner received a benefit from improvements to his property or realized an increase in property value because of a contractor’s labor and materials.  
First Federal Savings & Loan Ass’n v. Connelly
, 97 Ill. 2d 242, 246, 454 N.E.2d 314, 316 (1983).  Mechanic’s liens are not recognized by common law and exist only by virtue of the statutes that created them; therefore, the Act must be strictly construed with respect to those requirements upon which the right to a lien depends.  
First Federal
, 97 Ill. 2d at 246, 454 N.E.2d at 316.  

Under the Act generally, a contractor has up to two years after completing a project to file a lien against the subject property.  770 ILCS 60/24 (West 1998)
.  The lien clouds the owner’s title to the property until he pays the contractor the amount owed.  770 ILCS 60/27 (West 2002); see 
Krzyminski v. Dziadkowiec
, 296 Ill. App. 3d 710, 712, 695 N.E.2d 1275, 1276 (1998)
. 

However, section 34 of the Act permits the property owner to force the issue of the validity of the claims filed by compelling the contractor to either enforce the lien within 30 days of receiving a demand notice or forfeit his rights to the lien.  
Krzyminski
, 296 Ill. App. 3d at 712, 695 N.E.2d at 1276; 
M.L. Ensminger Co. v. Chicago Title & Trust Co.
, 74 Ill. App. 3d 677, 678, 393 N.E.2d 663, 664 (1979).  Section 34 provides:

Upon written demand of the owner * * * served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited.  770 ILCS 60/34 (West 1998).

The notice provision in section 34 is jurisdictional and there is no right to a lien unless the statutory periods are complied with.  
Vernon Hills III Ltd. Partnership v. St. Paul Fire & Marine Insurance Co.
, 287 Ill. App. 3d 303, 309, 678 N.E.2d 374, 378 (1997); 
Krzyminski
, 296 Ill. App. 3d at 712, 695 N.E.2d at 1276.  Failure to comply with section 34's time limitations results in a loss of the statutory remedy afforded under the Act.  
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378.  

Plaintiff argues that section 34 implies a single notice requirement, which limits service of the demand notice to only one of the contractor’s representatives, because the plain language of the statute uses the disjunctive word “or” to describe the individuals upon whom the demand may be served.  Therefore, plaintiff claims that defendant did not act in good faith when it issued multiple demand notices and that such defective notices should not invalidate plaintiff’s lien.  Defendant responds that the language of the statute does not limit service to just one person but allows service upon the lienholder, his agent, or his attorney, inclusively.  
We agree with defendant.

To interpret a statute’s language, we look at its plain meaning as well as the legislature’s intent in enacting the statute.  
Premier Property Management, Inc. v. Chavez
, 191 Ill.2d 101, 121, 728 N.E.2d 476, 487 (2000); 
Vernon Hills
, 287 Ill. App. 3d at 308, 678 N.E.2d at 378.  The best indication of the legislature’s intent is the language of the statute itself; where the statutory language is unambiguous, we must enforce the law as written.  
Chavez
, 191 Ill.2d at 119, 728 N.E.2d at 486; 
Vernon Hills
, 287 Ill. App. 3d at 308, 678 N.E.2d at 378.   

Applying these rules of statutory construction, we conclude that the plain language of section 34 in no way limits the number of people who may receive service of the demand notice to enforce the lien.  The statute allows service to “the person claiming the lien, or his agent or attorney,” without restriction.  In order to accept plaintiff’s argument, we would have to read into the statute additional language to limit service to “
only one of the following people: either
 the person claiming the lien, or his agent or attorney.”  We decline to impose additional notice requirements that are not contained within the language of the statute.  
Ortega-Piron
, 213 Ill. 2d at 24, 820 N.E.2d at 421;  
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378.  Therefore, we find that service upon plaintiff, his agent, and his attorney was not improper.

Plaintiff also argues that because each of the demand letters required that foreclosure be filed “within thirty (30) days of service of this notice,” and each letter was served on a different day, plaintiff was misled as to which date of service started the tolling period.  Defendant argues that it issued only one demand letter but was “playing it safe” by serving additional copies of that letter on the contractor’s agent and attorney, who were listed as recipients on the face of the letter.  We find that the notice was not misleading.

As discussed above, section 34's time limitations are “condition[s] which must be satisfied before the right to the remedy under the Act exists.”  
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378.  The Act must be strictly construed because it creates substantial rights in derogation of the common law.  
Matthews Roofing Co. v. Community Bank & Trust Co.
, 194 Ill. App. 3d 200, 205, 550 N.E.2d 1189, 1192-93 (1990).  
If a lienholder does not comply with the Act’s conditions, he loses his statutory right to the lien.  
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378; 
Pickus Construction & Equipment Co. v. Bank of Waukegan
, 158 Ill. App. 3d 141, 146, 511 N.E.2d 228, 231 (1987).  Illinois courts have interpreted the strict requirements of notice by examining how effectively a party did in fact notify the opposing party rather than simply basing rights on whether every phrase of the statute was followed in exact detail.  
Matthews
, 194 Ill. App. 3d at 205, 550 N.E.2d at 1193.    

In 
Matthews
, a contractor sent a section 34 demand letter by certified mail to the owner’s attorney, but the attorney’s landlord actually signed for the letter.  The attorney admitted receiving the letter 4 days after the landlord accepted service, but nevertheless argued that only the attorney addressee can accept service of mailed notices under the Act, not his agent.  The court held that service upon the landlord was sufficient to activate the filing deadline under section 34, noting that the attorney had effective notice of the demand and its date “well ahead of the 30-day filing deadline.”  
Matthews
, 194 Ill. App. 3d at 205-06, 550 N.E.2d at 1193.  

In the instant case, defendant sent copies of the notice to each of the parties upon whom section 34 notices may be served.  Each of these recipients was listed as an addressee on the face of the notice.  Plaintiff first accepted service on March 12, 2004 and its agent and attorney accepted service within the next 6 days.  The 30-day filing period began on March 12 since that service upon plaintiff was proper.  Furthermore, as the 
Matthews
 court observed, each of the recipients had effective notice of the demand and the effective date of service well in advance of the filing deadline on April 12, 2004. 

Plaintiff filed an affidavit of Edward Ribbens, the person responsible for “the preparation and processing of mechanic’s liens” at plaintiff’s company, in which he acknowledged the March 12 date of service at his office and the March 18 service upon his attorney.  Ribbens believed that either the March 18 notice superceded the March 12 notice, or that the March 18 notice started a new 30-day period in which to file the complaint.  Because of his confusion, he did not inform his attorney of the March 12 date of service.  

Nevertheless, defendants fulfilled their obligation to effect proper service on March 12 and triggered the running of the 30-day filing period.  See 
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378.
  
In 
Vernon Hills
, the contractor’s attorney 
filed an affidavit claiming that he was confused about the filing deadline because the owner’s demand letter did not reference section 34 or that failure to file a timely complaint resulted in a forfeited lien.  As in 
Vernon Hills
, we find that defendants were not responsible for educating plaintiff about the operation and effect of the Act and that plaintiff’s confusion cannot excuse its failure to file a timely complaint when it was properly notified.
 
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378. 

Finally, plaintiff urges this court to construe the language of section 34 in accordance with the Act’s general purpose to protect contractors’ rights to receive payment when their labor and materials improve the property and benefit the owner because section 39 requires that the Act be “liberally construed as a remedial act.”  Defendant responds that section 34 has been specifically construed as a way to force the parties to litigate the validity of the claims already filed and to allow the property owner to expeditiously dispose of the cloud on his title. 

Section 39 does provide that the Act as a whole should be liberally construed to reflect its remedial purpose, but only after the contractor has “scrupulously observed” all the statutory prerequisites that give effect to the lien.  
First Federal
, 97 Ill. 2d at 246, 454 N.E.2d at 316; see also 
M.L. Ensminger
, 74 Ill. App. 3d at 678, 393 N.E.2d at 664 (“mechanic’s liens statutes * * * must be strictly construed with reference to all the statutory requirements upon which the right to a lien depends * * * even though the legislature, in section 39 of the Act, provided that the Act is to be liberally construed as a remedial act.”).  
However, because the section 34 filing deadline is jurisdictional, it must be complied with before plaintiff has a right to a remedy under the Act.  
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378.  Even though plaintiff had perfected its lien in this case, its failure to timely commence suit to enforce it operated as a forfeiture, effectively removing plaintiff’s lien.  See 
Pickus
, 158 Ill. App. 3d at 146, 511 N.E.2d at 231; see also 
Vernon Hills
, 287 Ill. App. 3d at 309, 678 N.E.2d at 378.  Therefore, we cannot liberally construe the Act to afford plaintiff a remedy because it no longer has a valid lien.

For the foregoing reasons, we find that plaintiff’s complaint was properly dismissed for lack of jurisdiction.

Affirmed.

REID, P.J., and GREIMAN, J., concur.