2020 IL App (1st) 191411-U

FOURTH DIVISION
April 16, 2020

No. 1-19-1411

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ROGESTER HAYDEN, JR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CH 1697 |
| | ) | |
| WILLIAM ADAMS d/b/a ADAMS REMODELING, | ) | Honorable |
| | ) | Lewis Nixon, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's grant of summary judgment in favor of plaintiff where defendant failed to comply with section 34 of the Mechanics Lien Act.

¶ 2    Defendant William Adams, d/b/a Adams Remodeling, appeals following the trial court's order denying his motion for summary judgment and granting summary judgment in favor of plaintiff Rogester Hayden, Jr. On appeal, Adams argues that the trial court erred in finding invalid Adams' mechanics lien on Hayden's real property and granting summary judgment to Hayden. For the reasons that follow, we affirm.

¶ 3                                                I. BACKGROUND

¶ 4         This lawsuit stems from a "FHA Homeowner/Contractor Agreement" (agreement) entered into between Adams and Hayden on January 12, 2017, to renovate Hayden's residential property located on Dearborn Street in South Holland, Illinois. Hayden agreed to pay Adams $16,337.20 to rehabilitate his property under the agreement. At some point in April 2017, however, Adams ceased renovations prior to completion and Hayden terminated Adams as the contractor and failed to tender full payment.

¶ 5         Adams filed a mechanics lien, number 1723519064, in the amount of $10,619.18 with the Cook County Recorder of Deeds on August 23, 2017. The law firm Nicholas Law Group prepared the lien. Hayden was never served with a copy of the lien; he only discovered its existence while doing a search of his property on the Recorder's website in October 2017.

¶ 6         On December 21, 2017, Hayden sent a letter to Adams demanding that he commence suit to enforce the lien (demand letter) pursuant to section 34 of the Mechanics Lien Act (the Act) (770 ILCS 60/34 (West 2018)) within 30 days of receipt of the demand letter. Hayden sent the demand letter to Nicholas Law Group by certified mail, return receipt requested. However, neither Nicholas Law Group nor Adams ever received the demand letter.

¶ 7         Hayden later instituted a declaratory judgment action against Adams on February 8, 2018. In the complaint, Hayden alleged that he ordered an inspection by a licensed home inspector who found 15 different problems with the renovations. Hayden requested that Adams remedy these issues, but Adams insisted that the work had been completed satisfactorily. Hayden alleged that he obtained an estimate from another construction company for the remediation, which offered a quote of $12,280. Hayden requested that the court declare the lien invalid and

forfeited due to Adams' failure to properly respond to the demand letter within 30 days. Attached as an exhibit to the complaint was a copy of the December 21, 2017, demand letter.

¶ 8        Adams was served on May 2, 2018, with a copy of the complaint and summons by special process server. Adams filed an answer to the complaint on September 11, 2018. The parties both filed motions for summary judgment.

¶ 9        In Hayden's motion for summary judgment, he contended that, pursuant to section 34 of the Act, Adams was required to respond to the complaint by June 4, 2018, that is, within 30 days after service of the complaint on May 2, 2018, because Hayden attached to the complaint, as an exhibit, the demand letter. Adams' attorney filed an appearance on August 15, 2018, after obtaining an extension from the trial court to retain counsel. Adams did not file an answer to the complaint until September 11, 2018. Hayden argued that the 30-day time limitation in section 34 of the Act was jurisdictional and must be strictly complied with, or the lien is forfeited. Hayden asserted that the demand letter attached to the complaint contained the required statutory language to invoke the demand notice provision under section 34 of the Act.

¶ 10        In Adams' motion for summary judgment, he asserted that the certified mailing United States Postal Service (USPS) tracking information related to Hayden's demand letter showed that the demand letter was never delivered to anyone and thus cannot operate as a valid notice. It also should have been sent to Adams and not his attorney. Because Hayden failed to provide Adams with proper notice by serving on him personally the demand that Adams enforce his mechanics lien, Adams contended that Hayden's declaratory action should be denied. Adams additionally argued that Hayden did not sufficiently allege in his complaint the facts necessary to assert that the summons and complaint, with attached demand letter, operated as a section 34 notice.

¶ 11    Following further briefing and oral arguments by the parties, the trial court issued a written memorandum opinion and order on May 29, 2019, denying Adams' motion for summary judgment and granting Hayden's motion for summary judgment. The trial court determined that Hayden's attempted service of the demand letter failed to fulfill the statutory requirements under section 34 for service of a notice to commence suit because there was no evidence that Adams or his attorney ever received the demand letter. However, the trial court held that Hayden's declaratory judgment complaint fulfilled the requirements under section 34 as a notice to commence suit because Hayden attached the demand letter as an exhibit to the complaint and referred to it in the complaint, thus incorporating it by reference. Accordingly, the trial court found Adams' mechanics lien invalid and forfeited, and ordered it removed from the property.

¶ 12    Adams filed a timely appeal.

¶ 13                                    II. ANALYSIS

¶ 14    We review the circuit court's decision on a motion for summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.,* 154 Ill. 2d 90, 102 (1992). "[S]ummary judgment is proper only where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49 (citing 735 ILCS 5/2-1005(c) (West 2000)). "The purpose of summary judgment is not to try a question of fact but to determine whether one exists." *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 358-59 (1995). "In determining the existence of a genuine issue of material fact, the court must construe the evidence strictly against the moving party and liberally in favor of the nonmoving party." *Vernon Hills III Limited Partnership v. St. Paul Fire & Marine Insurance Co.*, 287 Ill. App. 3d 303, 307 (1997).

¶ 15    As we are called on to interpret the statutory language of section 34 of the Mechanics Lien Act in this case, " we look at its plain meaning as well as the legislature's intent in enacting the statute. [Citations.] The best indication of the legislature's intent is the language of the statute itself; where the statutory language is unambiguous, we must enforce the law as written." *Gateway Concrete Forming Systems, Inc. v. Dynaprop XVIII: State St. LLC*, 356 Ill. App. 3d 806, 810 (2005).

¶ 16    On appeal, Adams argues that the trial court erred in concluding that he was properly served with a demand notice to commence suit on his mechanics lien.

¶ 17    The purpose of the Mechanics Lien Act is to "permit a lien upon premises where a property owner received a benefit from improvements to his property or realized an increase in property value because of a contractor's labor and materials." *Gateway Concrete Forming Systems*, 356 Ill. App. 3d at 809. Because mechanics liens are solely a statutory creation in derogation of common law, "the Act must be strictly construed with respect to those requirements upon which the right to a lien depends." *Id.*

¶ 18    Generally, a contractor has two years to file a lien after completing a project. *Id.* (citing 770 ILCS 60/24 (West 1998)). The lien places a cloud on the owner's title. *Id.* (citing 770 ILCS 60/27 (West 2002)). However, pursuant to section 34, the property owner may "force the issue of the validity of the claims filed by compelling the contractor to either enforce the lien within 30 days of receiving a demand notice or forfeit his rights to the lien." *Id.* Section 34 provides:

    "(a) Upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer

filed within 30 days thereafter, or the lien shall be forfeited. Such service may be by registered or certified mail, return receipt requested, or by personal service.

(b) A written demand under this Section must contain the following language in at least 10 point bold face type: 'Failure to respond to this notice within 30 days after receipt, as required by Section 34 of the Mechanics Lien Act, shall result in the forfeiture of the referenced lien.' " 770 ILCS 60/34 (West 2018).

¶ 19        The notice provision in section 34 is considered jurisdictional; "there is no right to a lien unless the statutory periods are complied with." *Gateway Concrete Forming Systems*, 356 Ill. App. 3d at 809-10 (citing *Vernon Hills III Limited Partnership,* 287 Ill. App. 3d at 309). Thus, failure to comply with the time limitations in section 34 results in loss of the statutory lien. *Id.*

¶ 20        Adams first contends that the demand letter was insufficient to constitute a notice to commence suit under section 34(a). However, the circuit court agreed with this argument below and found for Hayden on other grounds. Moreover, Hayden does not argue this as a basis for affirmance on appeal. The record reflects that Hayden attempted service of the December 2017 demand letter on Adams' attorney by certified mail, return receipt requested. In the complaint, Hayden alleged that Adams' attorney "received the letter on December 21, 2017." However, as the trial court found, Hayden only alleged and offered proof that the letter was sent, but not that it was received, and Adams offered evidence in his answer that showed neither he nor his former attorney received service of the demand letter. Adams provided the tracking information showing that delivery was attempted but not completed. Adams also attached an affidavit from his former attorney averring that he never received the letter. The circuit court held that there

was no evidence that Adams or his attorney ever received the demand letter, and it thus failed as a notice to commence suit under section 34(a). In light of this evidence, we agree with the circuit court on this issue.

¶ 21 Adams next argues that the circuit court erred in finding that the summons and complaint constituted a section 34 demand notice. Adams contends that the language and nature of the complaint and summons were not a demand that Adams file suit or forfeit his lien. Rather, they were intended to advance Hayden's allegation that at the time the complaint was filed, Adams had already forfeited his lien by failing to respond to the December 2017 demand letter. Adams contends that attaching the demand letter to the complaint and summons failed to remedy the lack of a proper section 34 demand notice and failed to transform the complaint and summons into a section 34 demand notice.

¶ 22 It is undisputed that Hayden attached the demand letter as an exhibit to his complaint. Hayden also specifically referred to the letter and asserted in his complaint that he sent the letter to Adams' counsel on December 20, 2017, to demand that Adams commence suit to enforce his lien within 30 days, and Adams failed to take action to enforce his lien within that timeframe. "Any document attached to the pleading will be treated as part of the pleading if the pleading specifically incorporates it by reference. 'To incorporate a document as an exhibit, the pleading must refer to a specifically identified instrument and must clearly manifest an intent to incorporate it as a part of that pleading.' " *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 432 (2004) (quoting 3 R. Michael, Illinois Practice § 23.9, at 331-32 (1989)). Thus, Hayden's reference to the demand letter in his complaint clearly demonstrates that Hayden intended to incorporate by reference the demand letter as part of his complaint.

¶ 23    Adams also contends that even if properly served, the complaint and summons could not constitute a section 34 demand notice because, by their plain language, they did not demand that Adams file suit within 30 days or lose his lien.

¶ 24    We disagree. By way of example, in *Charter Bank and Trust of Illinois v. Edward Hines Lumber Co.*, 233 Ill. App. 3d 574, 578 (1992), the plaintiffs contended, *inter alia*, that the summons in its foreclosure action constituted a section 34 notice and defendant forfeited its lien by failing to file its counterclaim to foreclose its mechanic's lien within 30 days after receipt. The court held that the defendant complied with the statute because it filed an answer within 30 days of receipt of the summons. *Id.* The court observed that the plain language of the act required that upon written demand " 'requiring suit to be commenced *** or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter.' " *Id.* (quoting (Ill. Rev. Stat. 1989, ch. 82, par. 34.)). The court reasoned that the summons required only that the defendant file an answer within 30 days, and the defendant did in fact file an answer within that time limit. The court held that the language of the statute did not require that defendant assert its lien by filing a counterclaim within 30 days, when the summons only required filing an answer, which the defendant did within 30 days. The defendant later filed its counterclaim after obtaining leave of court. *Id.*

¶ 25    Accordingly, by its plain language, section 34 applies to a "pending suit" such as Hayden's declaratory judgment action. Moreover, the language of Hayden's complaint fulfilled the statutory requirements under section 34(b). This section states that a written demand "must contain the following language in at least 10 point bold face type: 'Failure to respond to this notice within 30 days after receipt, as required by Section 34 of the Mechanics Lien Act, shall result in the forfeiture of the referenced lien.' " 770 ILCS 60/34(b) (West 2018).

¶ 26    Here, the summons, standing alone, did not contain this requisite language. Rather, it stated, "To each defendant: You are SUMMONED and required to file an answer to the complaint in this case." (Emphasis in original.) However, the December 2017 demand letter, which was incorporated by reference into the complaint, contained the language required by section 34(b). The written demand letter stated, *inter alia*:

> Pursuant to 770 ILCS 60/34(a), upon the Property owner's written demand for the lienholder to commence a lawsuit to enforce the lien "the suit shall be commenced ... within 30 days thereafter, or the lien shall be forfeited.

> This letter serves as Mr. Hayden's written demand for Mr. Adams to commence a lawsuit to enforce the aforementioned mechanic's lien filed on August 23, 2017. **Failure to respond to this notice within 30 days after receipt, as required by Section 34 of the Mechanics Lien Act, shall result in the forfeiture of the referenced lien.**" (Emphasis in original.)

¶ 27    As Adams argues, Hayden lacked a good faith basis in alleging in his complaint that the December 2017 demand letter was received by Adams' attorney. However, regardless of Hayden's assertion about service of the demand letter, Adams nevertheless received the demand letter through Hayden's complaint filed on May 2, 2018. The complaint required Adams to commence suit to enforce his lien or to file an answer in the pending declaratory judgment action. This provided adequate notice to Adams. "Illinois courts have interpreted the strict requirements of notice by examining how effectively a party did in fact notify the other side rather than simply basing rights solely on whether every phrase of the statute was followed in exact detail. *** 'This rule of strict construction is meant to apply only to requirements upon which the right to a lien depends.' " *Matthews Roofing Company v. Community Bank & Trust Company of Edgewater*, 194 Ill. App. 3d 200, 205 (1990) (quoting *Watson v. Auburn Iron*

*Works, Inc.*, 23 Ill. App. 3d 265, 273 (1974)). See *Gateway Concrete Forming Systems*, 356 Ill. App. 3d at 811 ("Illinois courts have interpreted the strict requirements of notice by examining how effectively a party did in fact notify the opposing party rather than simply basing rights on whether every phrase of the statute was followed in exact detail."); *Vernon Hills III Limited Partnership*, 287 Ill. App. 3d at 309 ("We decline to impose additional notice requirements that are not contained within the plain language of the statute. It was not the responsibility of [the plaintiff] to educate [the defendant], or its attorney, about the operation and effect of the Act.").

¶ 28    It is undisputed that Adams was served the complaint and summons, including the attached demand letter as an exhibit, on May 2, 2018. Thus, Adams had 30 days—until June 4, 2018—to file an answer or forfeit the lien. It is also undisputed that Adams filed his answer on September 11, 2018, significantly more than 30 days after the complaint was served. As a result, his lien was subject to forfeiture. "Illinois courts have held that the time limitations contained in the various sections of the Act are jurisdictional and that there is no right to a lien unless the statutory periods are complied with." *Vernon Hills III Limited Partnership,* 287 Ill. App. 3d 309. In contrast to statutes of limitation, the time limitations "are not merely a limitation on the remedy afforded under the Act, but rather a condition that must be satisfied before the right to the remedy under the act exists." *Id.* Thus, "the failure of the lienholder to commence suit within 30 days of receipt of a written notice made pursuant to Section 34 of the Act operates to forfeit and remove the mechanic's lien." *Id.* at 308.

¶ 29    Additionally, section 34(a) provides that service of the demand letter "may be by registered or certified mail, return receipt requested, or by personal service." 770 ILCS 60/34(a) (West 2018). "Except in very unusual circumstances affecting the public interest, the legislature's use of the word 'may' indicates that the statute is permissive as opposed to mandatory." *Canel v.*

*Topinka*, 212 Ill. 2d 311, 326 (2004). Thus, personal service by way of a special process server is a permissible means to effectuate the demand notice to commence suit. Here, the record reflects that the summons, complaint, and demand letter were served on Adams by special process server, fulfilling the service requirement of the statute.

¶ 30    In his final argument, Adams asserts that the trial court granted summary judgment on improper grounds because Hayden did not raise his contention that the summons and complaint served as a section 34 demand notice until Hayden's motion for summary judgment. We note that Adams fails to cite any authority to support his position. "[A] party who fails to argue or cite authority in support of a point waives the issue for purposes of appeal." *Novakovic v. Samutin*, 354 Ill. App. 3d 660, 667 (2004). Moreover, the basis for the complaint and Hayden's motion for summary judgment were Adams' failure to comply with section 34, whether by filing an action to foreclose on his lien or filing an answer to the complaint.

¶ 31                                    III. CONCLUSION

¶ 32    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 33    Affirmed.