CHICAGO WHIRLY, INC., Plaintiff-Appellee, v. AMP RITE ELECTRIC COMPANY, INC., Defendant-Appellant.

First District (2nd Division) No. 1—97—3713

Opinion filed March 30, 1999.

Keith E. Roberts, Sr., Keith E. Roberts, Jr., Robert S. Marcott, and Eric A. Burgeson, all of Donovan and Roberts, P.C., of Chicago, for appellant.

Kaplan, Papadakis & Gournis, P.C., of Chicago (Dean J. Papadakis, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Chicago Whirly, Inc. (Whirly), filed this declaratory judgment action against defendant Amp Rite Electric Company, Inc. (Amp Rite), the subcontractor hired to do electrical work on Whirly's property, to declare a mechanics lien invalid and for damages for breach of

contract. While the action was pending, plaintiff served defendant with a demand that defendant file suit to enforce its lien within 30 days. Defendant did not file suit within 30 days, claiming that a bankruptcy stay prevented it from naming a necessary party, the general contractor Cinaco Builders. Plaintiff filed a motion to remove the mechanics lien. The trial court granted the motion and defendant appeals. We reverse and remand.

Plaintiff is an Illinois corporation that operates a recreational sports facility at 1880 West Fullerton Avenue in Chicago. Defendant is an Illinois corporation engaged in the business of constructing and installing electrical systems.

On or about November 11, 1995, defendant, as a subcontractor, entered into a contract with the general contractor, Cinaco Builders, Inc., an Illinois corporation in the business of managing construction projects. Pursuant to the contract, defendant was to provide electrical labor and materials for the property.

On March 7, 1996, plaintiff filed suit against defendant for damages, claiming defendant failed to install a proper electrical system. Plaintiff also sought a declaration from the court to prevent defendant from filing a mechanics lien on the Fullerton property.

On April 8, 1996, Cinaco Builders filed for bankruptcy. On April 30, 1996, defendant filed a mechanics lien encumbering the property.

On May 15, 1997, plaintiff and the trustee for Cinaco Builders reached a settlement as to the amounts plaintiff owed Cinaco Builders for the construction work done on the Fullerton property and Cinaco Builders issued a release in full of all claims against plaintiff.

On June 19, 1997, plaintiff served defendant with its demand that defendant file suit within 30 days to enforce its mechanics lien pursuant to section 34 of the Illinois Mechanics Lien Act. 770 ILCS 60/34 (West 1996). Defendant notified plaintiff that it could not file suit to enforce its lien because Cinaco Builders was a necessary party to such an action and the automatic stay in bankruptcy prevented the filing of such an action against it.

On July 25, 1997, plaintiff filed a motion to remove the mechanics lien due to defendant's failure to file suit on the mechanics lien within 30 days of plaintiff's demand. On September 30, 1997, the trial court granted plaintiff's motion to dismiss the mechanics lien. The trial court found that defendant could have filed suit against plaintiff by: (1) alleging the bankruptcy; (2) stating that Cinaco was a necessary party but that defendant could not join it; (3) asking the bankruptcy court permission to name Cinaco as a nominal party; or (4) simply suing plaintiff to foreclose the mechanics lien. The trial court, therefore, granted plaintiff's motion and defendant appeals.

■ The sole issue on appeal is whether the trial court properly found that defendant forfeited its mechanics lien when it failed to file suit against plaintiff within 30 days of its receipt of plaintiff's demand pursuant to section 34 of the Mechanics Lien Act. 770 ILCS 60/34 (West 1996). Section 34 of the Mechanics Lien Act provides:

"Upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited. Such service may be by registered or certified mail, return receipt requested, or by personal service." 770 ILCS 60/34 (West 1996).

It is undisputed that defendant here did not file suit to enforce its lien on the property within 30 days of plaintiff's demand for defendant to commence its suit. Defendant, however, claims that it was unable to file suit within the period to enforce the mechanics lien since Cinaco Builders, the general contractor, was a necessary party to the suit but could not be named as a party to the suit due to a bankruptcy stay. Defendant claims that section 108(c) of the Bankruptcy Act extended the time in which it had to bring suit to enforce the mechanics lien. 11 U.S.C. § 108(c) (1994).

There is no case law addressing the impact that a bankruptcy stay has on the 30-day time period in which to file suit after a demand is made pursuant to section 34 of the Mechanics Lien Act. However, we agree with defendant that the Illinois Supreme Court case *Garbe Iron Works, Inc. v. Priester*, 99 Ill. 2d 84, 457 N.E.2d 422 (1983), addressing the effect that a bankruptcy stay has on the two-year statute of limitations under the Mechanics Lien Act, presents a similar situation and is determinative.

In *Garbe* the contractor filed a petition in bankruptcy prior to the expiration of the two-year statute of limitations under the Mechanics Lien Act, and the subcontractor then filed a complaint in the bankruptcy court requesting modification of the automatic stay to permit it to file suit against the contractor. The bankruptcy court granted the subcontractor's request and the subcontractor filed suit in the circuit court 42 days after the two-year limitation for filing suit on mechanics liens had expired. The contractor moved to dismiss the subcontractor's complaint on the basis that it was not filed within the two-year statute of limitations.

The supreme court in *Garbe* found that dismissal of the subcontractor's complaint was not appropriate since the general contractor was a necessary party to the subcontractor's suit and the subcontractor was

prevented from filing suit within the statutory time because the contractor had filed for bankruptcy and an automatic stay was in effect. The court further found that a bankruptcy filing by a necessary party in an action to enforce a mechanics lien extends the two-year statute of limitations the subcontractor has to file suit under the Mechanics Lien Act. Since the subcontractor was precluded for 133 days from proceeding against the contractor due to the stay in the bankruptcy court, the subcontractor was allowed an additional 133 days to file suit after the two-year limitations period had expired.

■ In finding that the general contractor was a necessary party, the court in *Garbe* relied on section 28 of the Mechanics Lien Act, which provides: "All suits and actions by sub-contractors shall be against both contractor and owner jointly, and no judgment shall be rendered therein until both are duly brought before the court by process or publication ***." 770 ILCS 60/28 (West 1996). In finding that the statute of limitations was extended, the *Garbe* court relied on section 108(c) of the Bankruptcy Act, which provides:

"[I]f applicable nonbankruptcy law *** fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, *** and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of termination or expiration of the stay ***." 11 U.S.C. § 108(c) (1994).

■ Under *Garbe*, and the applicable provisions of the Mechanics Lien Act and the Bankruptcy Act, we find that Cinaco Builders, the general contractor in the instant case, is a necessary party to defendant's suit to enforce its mechanics lien. The fact that our case involves the 30-day notice provision, rather than the two-year statute of limitations, is of no significance. The notice provision in section 34 is in the nature of a statute of limitations and was intended to force the issue on validity of claims. *Krzyminski v. Dziadowiec*, 296 Ill. App. 3d 710, 695 N.E.2d 1275 (1998).

We also find that the automatic stay in bankruptcy prevented defendant from naming Cinaco Builders as a party to the mechanics lien action and that the time in which defendant was required to bring suit to enforce a mechanics lien is extended by the Bankruptcy Act. 11 U.S.C § 108(c) (1994). The automatic stay provision of the Bankruptcy Act prohibits "the commencement or continuation, including the issuance or employment of process, *** of a judicial action against the

debtor" once a bankruptcy petition has been filed. 11 U.S.C. § 362(a) (1994). While plaintiff claims that defendant could have filed within the 30 days if it asked the bankruptcy court to remove the stay so that it could name Cinaco Builders in the mechanics lien suit, we do not believe that defendant had an obligation to seek such relief. See *In re Chemisphere Partners*, 90 B.R. 380 (N.D. Ill. 1988).

Plaintiff claims that *Garbe* does not apply here because Cinaco Builders is not a necessary party to a suit to foreclose a mechanics lien. Plaintiff relies on *Atlee Electric Co. v. Johnson Construction Co.*, 14 Ill. App. 3d 716, 303 N.E.2d 192 (1973), claiming that it is an exception to *Garbe*. That case, however, involved whether one subcontractor was required to name a successor subcontractor as a party to the suit. The court held that a successor subcontractor need not be joined as a party when there is no evidence that it provided labor or material or had any legal or equitable claim. That case is inapplicable here since the Mechanics Lien Act expressly provides that the subcontractor must join the contractor and the owner. 770 ILCS 60/28 (West 1996). There is no requirement that successor subcontractors be named.

Plaintiff also claims that Cinaco Builders was not a necessary party because it had no legal or equitable interest since plaintiff paid the bankruptcy trustee and obtained a release from Cinaco Builders. However, section 28 of the Mechanics Lien Act requires that the general contractor be joined as a necessary party. *Pittman v. Manion*, 212 Ill. App. 3d 342, 570 N.E.2d 1169 (1991) (it was mandatory for the subcontractor to join the general contractor in a suit to enforce a mechanics lien even though the general contractor's prior discharge in bankruptcy prevented a personal judgment against it). Any exceptions to this requirement must be created by the legislature, not by this court.

We also find unpersuasive plaintiff's claims that Cinaco Builders' bankruptcy filing makes it "unavailable" as a party. Relying on *Joseph T. Ryerson & Son, Inc. v. Manulife Real Estate Co.*, 207 Ill. App. 3d 622, 566 N.E.2d 297 (1990), plaintiff claims that defendant could have filed suit and simply alleged that Cinaco Builders was in bankruptcy, thus making it unavailable for purposes of being named in a suit to foreclose a lien. The court in *Ryerson*, however, stated that "without expressing an opinion as to whether a subcontractor's bankrupt status would render the subcontractor nonnecessary in a suit by its material supplier, we simply conclude that there is no support in this record for a finding that [the subcontractor] was, in fact, bankrupt at any time." 207 Ill. App. 3d at 626. The court therefore concluded that the supplier's suit should have been dismissed since it failed to name the subcontractor, a necessary party. Therefore, *Ryerson* lends no support for plaintiff's argument.

We therefore conclude that defendant in the instant case is not required to and cannot file its mechanics lien until after the automatic stay in bankruptcy, which prohibits suit against Cinaco Builders, has been terminated. Accordingly, we reverse the trial court order granting plaintiff's motion to remove defendant's mechanics lien, and we remand for further proceedings.

Reversed and remanded.

GORDON, P.J., and COUSINS, J., concur.