2021 IL App (1st) 200924

FIRST DISTRICT
SIXTH DIVISION
March 26, 2021

No. 1-20-0924

| | | |
|---|---|---|
| CB CONSTRUCTION & DESIGN, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ATLAS BROOKVIEW, LLC; STEVEN | ) | |
| IVANCOVICH, CEO of Atlas Brookview, LLC; | ) | No. 19 L 8868 |
| RAVI MALLI, Director of Asset Management; | ) | |
| ATLAS APARTMENT HOMES; and OTHER | ) | |
| DEFENDANTS YET TO BE DETERMINED, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Diane M. Shelley, |
| (Atlas Brookview, LLC, Defendant-Appellee). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Connors and Oden Johnson concurred with the judgment and opinion.

## OPINION

¶ 1    Plaintiff, CB Construction & Design, LLC (CB), appeals the circuit court order granting defendant Atlas Brookview, LLC.'s motion to dismiss CB's mechanics lien claim. On appeal, CB contends that the court erred in dismissing its claim where (1) the parties not made defendants in CB's complaint were not necessary parties under section 11 of the Mechanics Lien Act (Act) (770 ILCS 60/11 (West 2018)) and (2) pursuant to section 9 of the Act, CB had until two years from completion of the contract to amend its complaint to add necessary parties. For the following reasons, we affirm.

¶ 2                                    I. JURISDICTION

¶ 3      The trial court denied CB's motion to reconsider on July 24, 2020. On August 14, 2020, the court entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there is no just reason for delaying enforcement or appeal. Plaintiff filed a notice of appeal on August 21, 2020. Accordingly, this court has jurisdiction pursuant to Rule 304(a) governing appeals from final judgments that do not dispose of the entire proceeding.

¶ 4                                    II. BACKGROUND

¶ 5      On September 20, 2017, Atlas Brookview, LLC (Atlas) purchased property commonly known as 4200 through 4400 W. Lake Avenue in Glenview, Illinois (Glenview property). To fund its purchase, Atlas received a loan from TPG RE Finance 2 Ltd. (TPG), and TPG recorded the mortgage on September 21, 2017. Wells Fargo Bank, NA (Wells Fargo) held a security interest in the leases and rents from the Glenview property. Wells Fargo recorded its security interest on February 23, 2018. On December 17, 2020, TPG assigned the note and mortgage to DB Brookview.

¶ 6      On January 4, 2018, CB and Atlas entered into a construction contract to renovate the units and common areas of the Glenview property. The contract totaled $9,926,633, and the scheduled substantial completion date was June 30, 2020. CB claimed that it completed its work on May 16, 2019, but Atlas still owed $1,439,531.08 under the contract.

¶ 7      On May 20, 2019, CB filed a mechanics lien pursuant to the Act which named as responsible parties and owners Steven Ivankovich (CEO of Atlas), Lee Ward (loan administrator), and Ravi Malli (Director of Asset Management-Atlas Apartment Homes). On July 15, 2019, Atlas

served CB with a section 34 (770 ILCS 60/34 (West 2018)) demand to file suit within 30 days. CB filed a complaint for breach of contract and mechanics lien on August 12, 2019.

¶ 8     The complaint named as defendants Atlas, Ivankovich, Malli, and "Other defendants yet to be determined." CB alleged that it entered into a contract with defendants to provide services, materials, and labor in the construction project for the Glenview properties. CB alleged that it completed performance of the contract on May 16, 2019, and issued a bill for $1,439,531.08, which has yet to be paid. After repeated requests for payment went unanswered, CB filed its mechanics lien on May 20, 2019, but "there has been no resolution of the lien or payment of the balance shown due and owing to the present date." As a remedy, CB requested "an amount not less than $1,439,531.08, for the "services, materials, and labor, duly provided in good faith on the reliance of the parties [*sic*] contract by the plaintiff."

¶ 9     Atlas filed motions to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2018)), alleging that CB failed to timely join TPG and Wells Fargo as necessary parties, as well as other grounds. The trial court granted the motion but gave CB an opportunity to amend its complaint. On October 29, 2019, CB filed its amended complaint, which contained four counts: breach of contract (count I), perfection and foreclosure of mechanics lien (count II), pierce the corporate veil (count III), and in the alternative, unjust enrichment (count IV). In its mechanics lien count, CB requested that

> "the sum of $1,439,531.08, together with attorney fees and interest, be ordered as a lien
>
> against the real property, building[s], parcel[s], senior and superior to any claim of right,
>
> title or interest in or to the real property of any Defendant, or other person or entity which
>
> may be identified hereafter, AND that the real property be ordered sold by the Sheriff of

COOK County, ILLINOIS, according to law, and that all proceeds of sale be applied to PLAINTIFF's good and meritorious claim."

¶ 10    CB's amended complaint did not name TPG or Wells Fargo as party defendants, but again included "Other defendants yet to be determined." Atlas moved to dismiss the complaint on numerous grounds, including CB's failure to add TPG and Wells Fargo as necessary parties. On February 10, 2020, the trial court dismissed some of the claims without prejudice but dismissed the mechanics lien claim with prejudice for failure to comply with the Act's requirements. The court granted CB leave to file a second amended complaint "consistent with the above rulings" and ordered CB to release the mechanics lien.

¶ 11    On March 9, 2020, CB filed a motion to reconsider the dismissal of the mechanics lien claim. Since CB had not released its lien, Atlas filed a motion for rule to show cause. On April 20, 2020, CB filed a motion for leave to file its second amended complaint.

¶ 12    On April 22, 2020, the trial court ruled on CB's motion to reconsider and Atlas's motion for rule to show cause. The court noted that it had dismissed CB's mechanics lien claim "[b]ecause this right is statutory, [so] the steps necessary to invoke those rights must be strictly construed in accordance with the statute." The court did find that CB's complaint satisfied the requirements of section 11(a) of the Act. However, it affirmed the dismissal of the mechanics lien count because CB failed to join TPG, as the mortgage lender, and Wells Fargo, as assignee of the rents from the property, as defendants. The court found that TPG and Wells Fargo were necessary parties because under the Act, "necessary parties" include " 'all persons who may have any valid claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the

provisions thereof, or who are interested in the subject matter of the suit.' " The court cited section 11(b) of the Act for this provision. See 770 ILCS 60/11(b) (West 2018).

¶ 13 Since CB failed to file an action against TPG and Wells Fargo as defendants within 30 days of Atlas's demand, the court determined that the Act barred CB from claiming any lien. Thus, dismissal with prejudice was proper, and there was no reason for the court to reconsider its earlier ruling. The court entered Atlas's motion for rule to show cause and continued the matter to afford CB an opportunity to voluntarily comply with its order to release the lien. The April 22, 2020, order also granted CB 21 days to file its second amended complaint.

¶ 14 On May 5, 2020, CB filed a motion for leave to file a response to the petition for rule to show cause and to supplement its motion for leave to amend. CB's proposed second amended complaint contained the mechanics lien count and added new parties, although it did not add TPG and Wells Fargo. In its motion, CB alleged that the court's April 22, 2020, order applied an earlier incorrect version of the Act and that, under the correct version, TPG and Wells Fargo were not necessary parties.

¶ 15 In its July 24, 2020, order, the court acknowledged that section 11(b) of the Act was amended in 2006. However, it did not reverse dismissal of the mechanics lien count because the "plain wording of the 2006 amendment" includes lienholders such as TPG and Wells Fargo as necessary parties. The court ruled that the "February 10, 2020 order remains as stated," and CB's "second amended complaint shall stand, except Count II *** for Foreclosure of Mechanic's Lien," which the court struck with prejudice.

¶ 16 On Atlas's motion for rule to show cause, the court determined that, pursuant to section 35(a) of the Act, a claimant who fails to institute suit to enforce the lien after demand has been

made "shall acknowledge satisfaction or release thereof." *Id.* § 35(a). Since it had found that CB failed to file a suit against all necessary parties within 30 days of Atlas's demand, thus forfeiting its lien, the court "accordingly has ordered [CB] to release the lien." The order also granted Atlas time to answer the remaining portions of CB's second amended complaint and directed Atlas to prepare a release of lien for entry by the court on August 31, 2020.

¶ 17    The trial court granted CB's motion for a Rule 304(a) finding, and on August 21, 2020, CB filed a notice of appeal. On August 31, 2020, the court denied CB's motion to stay enforcement of judgment pending appeal and entered an order releasing CB's mechanics lien. This appeal followed.

¶ 18                                    III. ANALYSIS

¶ 19    As an initial matter, we address Atlas's contention that CB's brief does not comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and that, as a result, CB's arguments are procedurally defaulted. Specifically, Atlas argues that CB's opening brief misrepresented certain facts and failed to support arguments with citation to authority. See Ill. S. Ct. R. 341(h)(7) (appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). Failure to comply with this requirement can result in forfeiture. *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. However, we can readily ascertain the merits of the case from the record on appeal and the briefs. While we do not condone violations of the supreme court rules by the parties, "[f]orfeiture *** is a limitation on the parties and not on this court." *Pedersen v. Village of Hoffman Estates*, 2014 IL App (1st) 123402, ¶ 44. Although we choose to reach the

merits of this appeal, we will disregard any inappropriate or unsupported statements in reviewing this matter. *Canel & Hale, Ltd. v. Tobin*, 304 Ill. App. 3d 906, 911 (1999).

¶ 20    The trial court granted dismissal pursuant to section 2-619(a)(5) of the Code. A motion to dismiss under section 2-619 admits the legal sufficiency of the complaint but asserts that certain affirmative matters outside of the pleadings act to defeat the claim. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. Under subsection (a)(5), dismissal is proper when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2018). In reviewing a 2-619 motion, we accept as true all well-pleaded facts in the complaint and construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Sandholm*, 2012 IL 111443, ¶ 55. We review the trial court's dismissal *de novo*. *Id.*

¶ 21    CB contends that the trial court erred in (1) finding that TPG and Wells Fargo are necessary parties under the Act and (2) ruling that CB's failure to add them as defendants within 30 days of Atlas's demand to enforce the lien resulted in forfeiture of its lien. We first determine whether TPG and Wells Fargo are necessary parties under the Act.

¶ 22    The primary rule of statutory interpretation is to ascertain and effectuate legislative intent. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 16. The best indicator of that intent is the statute's language, given its plain and ordinary meaning. *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 235 (2007). Furthermore, courts construe statutes as a whole, reading each provision in connection with every other section. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). If the statutory language is unambiguous, we must enforce the statute as written. *Gateway Concrete Forming Systems, Inc. v. Dynaprop XVIII: State Street LLC*, 356 Ill. App. 3d 806, 810 (2005).

¶ 23     Regarding a claimant's suit to enforce its lien, section 11(b) provides:

> "(b) Each claimant shall make as parties to its pleading (hereinafter called 'necessary parties') the owner of the premises, the contractor, all persons in the chain of contracts between the claimant and the owner, all persons who have asserted or may assert liens against the premises under this Act, and any other person against whose interest in the premises the claimant asserts a claim." 770 ILCS 60/11(b) (West 2018).

"[G]enerally, the use of a conjunctive such as 'and' indicates that the legislature intended that *all* of the listed requirements be met." (Emphasis in original.) *In re M.M.*, 2016 IL 119932, ¶ 21. The issue here is whether TPG and Wells Fargo are "any other person[s] against whose interest in the premises the claimant asserts a claim." 770 ILCS 60/11(b) (West 2018).

¶ 24     Under the Act, a lien results from the contractor's performance under a contract "to improve the lot or tract of land," and the lien is placed "upon the whole of such lot or tract of land *** constituting the same premises" of the owner. *Id.* § 1(a). In the mechanics lien count of its complaint, CB requested that

> "the sum of $1,439,531.08, together with attorney fees and interest, be ordered as a lien against the real property, building[s], parcel[s], senior and superior to any claim of right, title or interest in or to the real property of any Defendant, or other person or entity which may be identified hereafter, AND that the real property be ordered sold by the Sheriff of COOK County, ILLINOIS, according to law, and that all proceeds of sale be applied to PLAINTIFF's good and meritorious claim." (Emphasis in original.)

¶ 25     At the time CB filed suit to enforce its lien on the Glenview property, TPG possessed a note and mortgage on the property, and Wells Fargo held a security interest in the leases and rents

from the property. Both interests were recorded prior to the filing of CB's complaint. By requesting sale of the property and declaring that its lien is "senior and superior" to the interests of any "person or entity which may be identified," CB is clearly asserting a claim against TPG's and Wells Fargo's interests in the Glenview property. Thus, pursuant to the plain language of section 11(b), TPG and Wells Fargo are necessary parties.[1]

¶ 26     Since TPG and Wells Fargo are necessary parties under section 11(b), we next determine whether CB's failure to add them as defendants within 30 days of Atlas's demand resulted in forfeiture of its lien. We are mindful that because mechanics liens are solely a statutory creation in derogation of common law, "the Act must be strictly construed with respect to those requirements upon which the right to a lien depends." *Gateway*, 356 Ill. App. 3d at 809; see also *Delaney Electric Co. v. Schiessle*, 235 Ill. App. 3d 258, 264 (1992) ("a lien claimant who has met the prerequisites for bringing a lien claim has merely acquired an inchoate right to a lien which must then be perfected in accordance with the requirements prescribed in the Act").

¶ 27     When a party claims a lien under the Act and wishes to enforce its lien, section 9 provides that "[s]uch suit shall be commenced or counterclaim filed within two years after the completion of the contract." 770 ILCS 60/9 (West 2018). However, in cases where no suit has been filed, the property owner may issue a demand to file suit to enforce the lien under section 34. In pertinent part, section 34 of the Act provides:

        "(a) Upon written demand of the owner *** served on the person claiming the lien

    *** requiring suit to be commenced to enforce the lien or answer to be filed in a pending

---

[1]We note that our supreme court has long held that an indispensable party is a party with a secured interest in property that would be affected by the mechanics lien claim. See *Clark v. Manning*, 95 Ill. 580, 583 (1880).

suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be

forfeited." *Id.* § 34(a).

Section 34 permits the property owner to force the issue of the lien claim's validity by compelling

the claimant to file suit to enforce the lien within 30 days of receiving the demand or forfeit its

right to the lien. *Gateway*, 356 Ill. App. 3d at 809. On the issue of whether necessary parties must

be added to the suit within the 30-day time limit, we find *Garbe Iron Works, Inc. v. Priester*, 99

Ill. 2d 84 (1983), and *Chicago Whirly, Inc. v. Amp Rite Electric Co.*, 304 Ill. App. 3d 641 (1999),

instructive.

¶ 28    *Garbe* involved section 28 of the Act, which provided that "[a]ll suits and actions by sub-

contractors shall be against both contractor and owner jointly, and no judgment shall be rendered

therein until both are duly brought before the court by process or publication." 770 ILCS 60/28

(West 2018). The issue before the supreme court was "whether a bankruptcy filing by a necessary

party in an action to enforce a mechanic's lien extends the amount of time the subcontractor has

to file suit." *Garbe*, 99 Ill. 2d at 87. The supreme court noted that the two-year limitations period

contained in section 9 was not an ordinary statute of limitation because it conditioned the right to

enforce a mechanic's lien and not just the remedy. *Id.* at 88. Furthermore, under section 28 of the

Act, "it was mandatory that [a subcontractor] join both the contractor and the property owners" to

enforce its lien. *Id.* at 87. Accordingly, the Act required the subcontractor to join both the

contractor and the property owner in its suit to enforce the lien before expiration of the two-year

time limitation. *Id.* at 85-86. However, due to an automatic stay in a bankruptcy proceeding

involving the contractor, the subcontractor was precluded by bankruptcy law from proceeding

against the contractor. *Id.* at 86. The court held that the subcontractor's failure to file its complaint

within the two-year time limit did not result in forfeiture of its lien where it could not file suit against the contractor due to the bankruptcy stay in effect. *Id.* at 87.

¶ 29    *Chicago Whirly* also involved a subcontractor claiming a lien and a contractor who was in bankruptcy proceedings. The issue in *Chicago Whirly*, however, concerned the 30-day time limit in section 34, the relevant provision here. In comparing *Garbe*, the court found that "[t]he fact that our case involves the 30-day notice provision, rather than the two-year statute of limitations, is of no significance." *Chicago Whirly*, 304 Ill. App. 3d at 644. The court agreed that the contractor was a necessary party to the mechanics lien action and, therefore, must be made a party within 30 days, but determined that the Bankruptcy Act extended "the time in which defendant was required to bring suit to enforce a mechanics lien." *Id.* at 644-45.

¶ 30    Pursuant to *Garbe* and *Whirly*, a lien claimant must commence a suit and join necessary parties within the time limits of the Act to avoid forfeiture of the lien. Here, CB's complaint asserted claims against the interests of TPG and Wells Fargo in the Glenview property, and as such, they are necessary parties under section 11(b). Their interests in the Glenview property were recorded well before CB filed its complaint.[2]  Although CB filed a complaint for breach of contract and mechanics lien within 30 days of Atlas's demand, the complaint did not name TPG or Wells Fargo as defendants. CB does not allege that it was precluded from filing suit against either party, as was the case in *Garbe* and *Whirly*. Therefore, CB's failure to join TPG and Wells Fargo as parties to its complaint within 30 days of Atlas's demand resulted in forfeiture of the lien.

---

[2]On December 17, 2020, after CB filed its suit to enforce the lien, TPG assigned the loan note and mortgage to DB Brookview LLC. This assignment does not affect our finding that TPG was a necessary party, since the parties' rights are determined as of the date the suit is filed. *CSM Insurance Building, Ltd. v. Ansvar America Insurance Co.*, 272 Ill. App. 3d 319, 323 (1995).

¶ 31    CB contends, however, that the two-year limit found in section 9 should apply. CB argues that under section 9, it has until May 16, 2021, two years after completion of performance under the contract, to add TPG and Wells Fargo as parties. We disagree.

¶ 32    Section 9 of the Act provides that "[i]f payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien in the circuit court in the county where the improvement is located." 770 ILCS 60/9 (West 2018). It further provides that "[s]uch suit shall be commenced or counterclaim filed within two years after the completion of the contract." *Id.* This section refers generally to a claimant's action to bring suit to enforce its lien, whereas section 34 applies when, as here, the claimant commences an action to enforce its lien because the property owner issues a written demand that it do so. Section 34's 30-day limit refers specifically to a situation where a property owner issues a written demand to enforce the lien. " 'Where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail.' " *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195 (1992) (quoting *Bowes v. City of Chicago*, 3 Ill. 2d 175, 205 (1954)). Thus, section 34's 30-day limit is the applicable time period.

¶ 33    CB also argues that section 11(f) of the Act allows it to add a necessary party at any time before final judgment. This subsection, however, must be construed in the context of preceding subsections (c), (d), and (e), which deal with unknown necessary parties or parties a claimant is not required to join under the Act. Subsection (c) addresses "[n]ecessary parties whose claims or interests are not disclosed by a document recorded at the time" the action to enforce the lien was properly recorded. 770 ILCS 60/11(c) (West 2018). Such parties "may be named and made parties

under the description of 'unknown necessary parties.' " *Id.* Subsection (d) pertains to "permissible parties," which a claimant may, in its discretion, make as parties to the action. *Id.* § 11(d). Subsection (e) provides that the claimant "shall cause notice to be given to all *such* necessary parties" and that

> "[a] claimant other than the plaintiff asserting a claim in the action under this Act shall also
> cause notice to be given to *** any necessary parties who have not been joined to the action
> ***. Process may issue and service by publication may be had against those persons so
> named under the descriptions of 'unknown necessary parties' or 'unknown owners', and
> judgments entered against them shall be of the same effect as though they had been
> designated by and served under their proper names ***." (Emphasis added.) *Id.* § 11(e).

Section 11(f) then states: "Any necessary party or permissible party who has not been joined to the action under his, her, or its proper name, may, upon application of such party to the court wherein the action is pending, be made or become a party at any time before final judgment ***." *Id.* § 11(f).

¶ 34 Given preceding subsections (c), (d), and (e), the "necessary party" referenced in section (f) was previously designated as an "unknown necessary party" in the complaint and thus was not "joined to the action under his, her, or its proper name." *Id.* § 11(e), (f). Accordingly, section 11(f) allows, "upon application of such party to the court," that they "be made or become a party at any time before final judgment." *Id.* § 11(f). Neither CB's complaint nor its amended complaint included "unknown necessary parties" as defendants. Because TPG's and Wells Fargo's interests in the Glenview property were recorded before CB filed its complaint, they do not fall under the

definition of "unknown necessary parties" provided in section 11(c). Section 11(f) has no application here.

¶ 35    In its reply brief, CB argues that section 2-616 of the Code should apply to allow CB to amend its complaint and add necessary parties after the 30-day period where the amended complaint would relate back to the original complaint. We note that points not raised in an appellant's opening brief are forfeited and may not be raised for the first time in the reply brief. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 36    In any event, the case CB cites for this contention, *Norman A. Koglin Associates v. Valenz Oro, Inc.*, 176 Ill. 2d 385 (1997), is inapposite. There, the issue was whether a subcontractor timely filed a suit to enforce its lien when it timely asserted its lien in an answer to another party's complaint, but did not file a counterclaim within the two-year period. The subcontractor's timely answer, however, contained all of the elements of a counterclaim. *Id.* at 396. After the court found that section 2-616 of the Code allowed the subcontractor to amend its answer after the two-year statute of limitations had expired, two of the defendants argued that the answer could not be amended to assert a claim against them as new defendants. The court rejected that argument, finding that those defendants were parties to the suit answered by the subcontractor and were served copies of the answer. Therefore, they were not new defendants without notice of the subcontractor's claim. *Id.* at 400-01. Here, CB is not asking to amend an answer to formally state a counterclaim, but rather seeks an amendment to add new defendants beyond the 30-day time limit of section 34. TPG and Wells Fargo were never made parties to CB's timely-filed complaint. These facts distinguish this case from *Koglin*.

¶ 37                              IV. CONCLUSION

¶ 38     For the foregoing reasons, we affirm the trial court's dismissal of CB's mechanics lien claim and its order for CB to release its lien pursuant to section 35 of the Act. See 770 ILCS 60/35(a) (West 2018) (providing that the claimant shall release the claim when "there is a failure to institute suit to enforce the [lien] after demand as provided in [section 34] within the time by this Act limited the person filing the same"). Furthermore, since the court dismissed the claim with prejudice, it properly struck the mechanics lien count from CB's second amended complaint. See *Bianchi v. Savino Del Bene International Freight Forwarders, Inc.*, 329 Ill. App. 3d 908, 917 (2002) (dismissal of the claim with prejudice indicates that the litigation is terminated and plaintiff will not be allowed to replead).

¶ 39     Affirmed.

---

**No. 1-20-0924**

---

| | |
|---|---|
| **Cite as:** | *CB Construction & Design, LLC v. Atlas Brookview, LLC*, 2021 IL App (1st) 200924 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-L-8868; the Hon. Diane M. Shelley, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James M. Dash and Jonathan S. Safron, of Carlson Dash, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | David H. Latham, of Latham Law Offices, of Chicago, for appellee. |

---